51 F.3d 194
 Fed. Sec. L. Rep. P 98,660
In re CONSOLIDATED PINNACLE WEST SECURITIES
LITIGATION/RESOLUTION TRUST CORPORATION-MERABANK
LITIGATION.
RESOLUTION TRUST CORPORATION, et al., Plaintiffs-Appellees,
v.
Gene E. RICE, Lola Rice, Ernest F. Modzelewski, Nancy
Modzelewski, Defendants-Appellants.
 No. 94-15431.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 16, 1994.
Decided March 23, 1995.
 
 Peter K. Rosen, Rosen Law Firm, Los Angeles, CA, for defendants-appellants.
 Katherine M. Harmeyer, Snell & Wilmer; W. Scott Bales, Meyer, Hendricks, Victor, Osborn & Maledon, Phoenix, AZ; Eugene J. Comey, Comey, Boyd & Luskin, and Howard N. Cayne, Arnold & Porter, Washington, DC, for defendants-appellees.
 Philip F. Belleville, Lathan & Watkins, Los Angeles, CA, for various defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before: LAY,* PREGERSON, and O'SCANNLAIN, Circuit Judges.
 LAY, Circuit Judge:
 
 
 1
 Gene Rice, Lola Rice, Ernest Modzelewski, and Nancy Modzelewski ("the Nonsettlors") appeal the district court's approval of the partial settlement of a Resolution Trust Corporation ("RTC") lawsuit against many of Merabank's former directors and officers.[1] In addition to the RTC's suit, the settlement encompassed a number of interrelated actions arising out of the failure of Merabank, after which the RTC became receiver. These included two shareholders' class actions, a derivative suit, and directors' and officers' contested compensation suits. Ultimately, over forty parties agreed to join the settlement, including a class of shareholders, a group of derivative plaintiffs, Pinnacle West Capital Corporation (which had previously acquired Merabank), several of Merabank's former officers and directors, two directors' and officers' liability insurance companies ("D & O insurers"), and the RTC.[2] The settling officers and directors of Merabank gave up their contested compensation claims against the RTC in exchange for releases from all personal liability, including contributing to the settlement fund.
 
 
 2
 In approving the settlement agreement, the district court found that it was arrived at in good faith and was a fair and reasonable resolution of the RTC and consolidated actions. See In re Consolidated Pinnacle West Sec. Litig., No. CIV 88-1830, slip op. at 13, 21 (D.Ariz. Jan. 11, 1994). As part of its final judgment, the court barred the Nonsettlors from asserting certain contribution and indemnity claims against the settling defendants, but also adopted a comparative fault offset rule, limiting the potential liability of the Nonsettlors to their proportionate share of fault.[3] Id. at 19. The Nonsettlors now appeal, claiming the settlement unfairly prejudiced them, violated their due process rights, and inappropriately barred a number of their claims against the settling parties. We affirm.
 
 
 3
 Although this case involves a complex web of parties and lawsuits, we find the analysis is relatively straightforward. First, we reject the Nonsettlors' claim that the settlement was not reached in good faith and unfairly prejudiced them. We see nothing in the record that indicates the district court abused its discretion in finding the settling parties reached their agreement in good faith. There is no evidence that the settling parties singled out the Nonsettlors for disparate treatment: While the compensation claims Rice and Modzelewski were asked to give up were potentially more valuable than those of the settling officers and directors, the worth of the claims was at best speculative.[4] In fact, because Rice and Modzelewski were among the highest ranking officers at Merabank, and therefore potentially subject to the greatest liability, they may have benefited more from the settlement than their settling counterparts, had they chosen to participate.[5] Thus, the Nonsettlors have not established that they were treated differently or worse than the settling officers and directors during the negotiations.
 
 
 4
 Moreover, because the district court ultimately adopted a proportionate judgment rule, the Nonsettlors were not prejudiced. As the district court found, the Nonsettlors "are left in the same position they would have been in if the other parties had not settled." In re Consolidated Pinnacle West Sec. Litig., No. CIV 88-1830, slip op. at 20. Because of the absence of prejudice or any evidence of collusion or other tortious conduct, we reject the Nonsettlors' contention that the court should have undertaken a more stringent analysis of the good-faith issue.[6] We see no reason to upset the court's conclusion that the settlement process and result were fair.
 
 
 5
 Second, the Nonsettlors' due process (and FIRREA) argument is without merit. The Nonsettlors were not prejudiced by the settlement, and therefore the RTC did not unfairly penalize them or deprive them of a property or liberty interest.
 
 
 6
 Finally, we reject the Nonsettlors' challenges to the district court's bar order. The district court did not abuse its discretion in finding nonparty Pinnacle West to be a critical participant and contributor to the overall settlement, and thereby applying the bar order to subsequent non-contractual claims against it. For this reason, and because the court applied a proportionate rather than pro tanto offset rule, we agree with the court's conclusion that the cases cited by the Nonsettlors concerning nonparties and bar orders are distinguishable. See In re Consolidated Pinnacle West Sec. Litig., No. CIV 88-1830, slip op. at 14-16 (distinguishing cases). Furthermore, we concur with the district court and a number of federal courts that have rejected the proposition that settlement bars are effective against contribution claims but not against claims for indemnity. See id. at 16-17; see also In re U.S. Oil and Gas Litig., 967 F.2d 489, 495 (11th Cir.1992) (finding "not a shred of logic upon which we could base a principled distinction between bar orders against contribution, on the one hand, and orders against indemnity ... on the other," and listing other courts that have approved bar orders for indemnity claims). Thus, we find the district court did not abuse its discretion in barring the Nonsettlors' contribution and non-contractual indemnity claims against the settling parties.
 
 
 7
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Honorable Pamela Ann Rymer, United States Circuit Judge for the Ninth Circuit, sitting by special designation
 
 
 [2]
 The aggregate amount of the settlement totaled $61,625,000. This amount reflects a full settlement of the class and derivative actions, and a partial settlement of the RTC action. Pinnacle West paid $5,750,000 to the class settlement fund, and the D & O insurers contributed $55,875,000 to the overall settlement. Of the latter amount, approximately half was deposited in the class settlement fund and half went to the derivative settlement fund. The settlement further provided that $25 million of the derivative fund would be paid to the RTC
 
 
 [3]
 After entry of this judgment, the only surviving claims were the RTC's action against the Nonsettlors, Rice's and Modzelewski's compensation claims against the RTC, and any contractual indemnity claims the Nonsettlors may have. In 1994, this Court ruled that Modzelewski had no claim for compensation against the RTC because his rights in the deferred compensation had not vested before the RTC took over Merabank. See Modzelewski v. RTC, 14 F.3d 1374, 1378 (9th Cir.1994). Thus, Rice has the only compensation claim that survives today
 
 
 [4]
 Rice sought over $4,000,000 in his contested compensation claim, and Modzelewski sued for approximately $2,000,000. They allege that the settling officers' and directors' claims were for only $180,000 to $652,000. This Court's previous holding that Modzelewski has no claim for compensation because his rights did not vest illustrates the speculative nature of the allegations. See Modzelewski, 14 F.3d at 1378. Thus, merely because Rice and Modzelewski were asked to give up claims that alleged greater damages--in exchange for a release from personal liability--does not mean they were treated unfairly or differently than the settling directors and officers
 
 
 [5]
 Furthermore, the Nonsettlors are currently benefitting from the settlement agreement. For example, the district court concluded:
 Rice, at no personal expense, is being dismissed from the Class and Derivative Actions for which he is personally liable for substantial damages, including claims that were asserted solely against him in the Derivative Action for alleged securities fraud in connection with his sale of MeraBank stock.
 In re Consolidated Pinnacle West Sec. Litig., No. CIV 88-1830, slip op. at 20 (emphasis added).
 
 
 [6]
 In addition, contrary to the Nonsettlors' contention, the district court did not limit its good-faith analysis solely to whether there was collusion between the settling parties. The court made factual findings that the Nonsettlors were "offered an opportunity to participate in the settlement on the same terms as offered to, and accepted by, [the settling parties] who are essentially similarly situated"; there was no evidence the agreement was structured to deprive the Nonsettlors of insurance coverage; the "objective throughout was to achieve a global settlement"; and there was no collusion, bad faith, or tortious conduct in reaching the settlement agreement. In re Consolidated Pinnacle West Sec. Litig., No. CIV 88-1830, slip op. at 9-11. The court then evaluated the circumstances surrounding the settlement, and in particular the compromises struck by the RTC, and determined the settlement had been reached and made in good faith. The court concluded:
 The Stipulation was arrived at by arms-length negotiations, all parties were assisted by experienced counsel, and it is a fair and reasonable resolution of the RTC Action. The settlement process was conducted in good faith by all concerned and the settlement reflected in the Stipulation is noncollusive.
 Id. at 13 (emphasis added).