Charles B. RENFREW, Hon. (Ret.) In his capacity as Trustee of the Toms Sierra Company, Inc., Employee Stock Ownership Plan and Trust; Don Sweet; Claudette Horvath; David Watson, Plaintiffs—Appellees,

Wells Fargo Bank, as Trustee of the Toms Sierra Company Employee Stock Ownership Trust, Plaintiff-counter-defendant—Appellee,

and

Elaine CHAO, Secretary of Labor, Plaintiff,

v.

Roy TOMS (deceased); Nicholas Toms; Kimberly Oms; Seejay Toms; Nicola Macklin; Ken Macklin; William Bean (deceased); Brandon Bean; Christopher Bean; Doris Toms, Defendants-counter-claimants—Appellants,

v.

Sierra Energy, LLC; John A. Greenbank; Applegate, LLC, Defendants-cross-defendants—Appellees, .

v.

Toms Sierra Company, Inc.; Defendant-counter-claimant,

James Enge;  James Bobst,
Counter-defendants,

Roy Toms, et al., Third–Party–Plaintiff,

Ludwig Goldberg & Krenzel LLC;
Valuation Analysts, Inc., Third-
party-defendants,

and

Claudette Horvath;  Gary Weisz,
Jim Dunbar, Third–party–
defendants–Appellee.

No. 02–17386.

United States Court of Appeals,
Ninth Circuit.

Argued May 11, 2004.

Decided Aug. 2, 2004.

D. Ward Kallstrom, Esq., Sonnenschein Nath & Rosenthal, Cheryl D. Orr, Carton Disante & Freudenberg LLP, San Francisco, CA, Allen H. Feldman, Associate Solicitor, Nathaniel I. Spiller, Esq., Edward D. Sieger, Attorney, U.S. Department of Labor, Washington, DC, for Plaintiffs–Appellees.

James G. Driscoll, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Plaintiffs–Appellees and Defendant–cross–defendant–Appellee.

M. Taylor Florence, Esq., Bullivant, Houser, Bailey, Pendergrass and Hoffman, Gold River, CA, for Defendant–cross–defendant–Appellee.

Michael R. Drayton, Stuart Lansing Smits, Stuart L. Smits & Associates, Jay–Allen Eisen, C. Athena Roussos, Esq., Jay–Allen Eisen Law Corp., Sacramento, CA, for Defendant–counter–claimant–Appellants.

Whitney F. Washburn, Esq., Law Office of Whitney F. Washburn, Gold River, CA, for Defendant–counter–claimant.

Charles L. Post, Esq., Weintraub, Genshlea, Chediak & Sproul, Anthony De-

Cristoforo, Wilke, Fleury, Hoffelt, Gould & Birney, Sacramento, CA, for Counter–defendants.

Steven A. Lewis, Esq., Lewis & Bacon, Sacramento, CA, for Third–party–defendant.

Before O'SCANNLAIN, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

As an initial matter, "a non-party who is enjoined or otherwise directly aggrieved by a judgment has standing to appeal the judgment." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277 (9th Cir.1992). Because the TSC/Class Settlement bars (*i.e.*, "enjoins") the Toms Family from asserting both (1) its "direct" claims as ESOP participants against Sierra and the ESOP Administrative Committee, and (2) its indemnity/contribution claims against these same parties, the Toms Family has standing to appeal. Also, this appeal has not been rendered moot, because the multiple settlements on appeal have not affected the Toms Family's objections to the settlement bar.

The Toms Family lodges three specific objections to the settlement approval at issue in this case: (1) the district court should have permitted them to depose Paul Ainslie, the forensic accountant on whom Trustee Renfrew relied in gauging the value of the TSC stock, (2) a *Daubert* hearing should have been held, and (3) an evidentiary hearing was appropriate.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court was not *required* to hold an evidentiary hearing before approving the settlement. Instead, all that was required was that "each party [be] given the opportunity to 'air its objections' at a reasonableness or fairness hearing." *United States v. Oregon,* 913 F.2d 576, 582 (9th Cir.1990). Such a hearing was held here.

■ The district court did not abuse its discretion in finding the Partial Class Settlements fair, adequate, and reasonable. The monies recovered in the settlements were substantial and there were good reasons to disallow extensive discovery and depositions.

■ Nor was the settlement bar entered as part of the Settlement Agreements inappropriate. Even assuming that contribution/indemnity claims are maintainable under ERISA, this court has recognized the legitimacy—and, even, the *necessity*—of settlement bars to prohibit contribution/indemnity claims under certain circumstances. Bar orders are appropriate so long as the court finds that (1) the settling defendants are settling in good faith, and (2) a "proportionate share" approach is used at trial to determine the liability of non-settling defendants. *See, e.g., Resolution Trust Corp. v. Rice (In re Consolidated Pinnacle West Securities Litig./Resolution Trust Corporation–Merabank Litig.),* 51 F.3d 194, 197 (9th Cir. 1995) (upholding a bar in shareholders class action). Both conditions were met here.

That the settlement bar also barred the Toms Family's so-called "direct" claims as well does not change the outcome. This is true particularly because the Toms Family participated in the class recovery.

The outstanding motion for leave of court to supplement the record is hereby granted, but for the reasons explained above the case is not moot.

AFFIRMED.